[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14392
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-01095-JSS

FRANK STEVEN DOLSAK,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 24, 2018)

Before ED CARNES, Chief Judge, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Frank Dolsak appeals the denial of his application for disability insurance benefits.  He contends that the administrative law judge erred in assessing his residual functional capacity by failing to address certain evidence showing that he regularly needed to miss work for medical treatment.

Our review is limited to whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002).  We do not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the ALJ.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).

A claimant's residual functional capacity is "the most [the claimant] can do despite [his] limitations."  20 C.F.R. § 404.1545(a)(1).  In assessing Dolsak's residual functional capacity, the ALJ traced his medical history from his alleged disability onset date of 2009 to the date he was last insured in 2014.  She discussed his Veterans Affairs records as well as other evidence he submitted for each year, and only after summarizing medical reports from each of those years did she reach her decision.  In doing so she was not required to discuss every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is not

2

enough to enable this Court to conclude that the ALJ considered [his] medical condition as a whole.") (quotation marks and alterations omitted).

Dolsak also faults the ALJ for discounting or rejecting portions of his treating physician Dr. Gregory Smith's opinions.[1]  But the ALJ's decision to give Dr. Smith's opinions limited weight was based on good cause supported by substantial evidence.  See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) ("[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary.") (quotation marks omitted); Winschel, 631 F.3d at 1179 ("Good cause exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.") (quotation marks omitted).  Dr. Smith's opinions, in relevant part, contradicted Dolsak's medical history showing that treatment unrelated to his limiting conditions largely caused his absenteeism, that his current treatment regimen mitigated some of his limitations, and that he failed to seek certain treatment that would have further reduced his limitations.  The ALJ stated that Dr. Smith's opinions were

---

[1] Dolsak's arguments that the ALJ did not consider the best evidence in the record amount to a request for us to reweigh the record evidence, which we cannot do.  See Winschel, 631 F.3d at 1178.

3

inconsistent with the record and, as a result, gave them limited weight.  Winschel, 631 F.3d at 1179.  She did not err in doing so.

Because substantial evidence supports the ALJ's findings about Dolsak's residual functional capacity and her decision to give Dr. Smith's opinions limited weight, her decision denying Dolsak's claim for disability insurance benefits is **AFFIRMED.**